**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 2:26-cv-03336-DOC-KES                    Date: April 7, 2026

Title: DANIEL OCHOA v. CITY OF LOS ANGELES, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

|  |  |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   Order to Show Cause Why Plaintiff's Federal Claims Should Not Be Dismissed Pursuant to <u>Younger</u> Abstention Doctrine**

## I.      INTRODUCTION

On August 18, 2025, Daniel Ochoa ("Plaintiff") filed a <u>pro</u> <u>se</u> civil rights complaint in the Los Angeles Superior Court ("LASC"), seeking injunctive and declaratory relief against the City of Los Angeles, Ralphs Grocery Company, Bobby Elias, Officer Walters, Officer Gallardo Rivera, an employee known as Villegas, Officer Peiny, Office Grayson, and DOES 1 through 10 (collectively, "Defendants"). (Dkt. 1-1 at 1.)  Plaintiff alleges that Defendants violated his federal civil rights pursuant to 42 U.S.C. § 1983, and that their actions constituted civil harassment under section 527.6 of the California Code of Civil Procedure, as well as false arrest and false imprisonment.  (<u>Id.</u> at 4-5.)  His allegations arise from a trip to the Ralphs grocery store in Studio City in which an employee allegedly made false

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03336-DOC-KES                         Date: April 7, 2026
                                                                                    Page 2

accusations against Plaintiff, resulting in his arrest for armed robbery.  (Id. at 3, ¶¶ 14, 17-21.)  Plaintiff alleges that he was criminally charged in the state court under LASC case number 25VWCF01205-01.  (Id. ¶ 21.)  According to the LASC website, criminal proceedings are ongoing.  See Criminal Case Access, Superior Ct. of Cal.: Cnty. of L.A., https://www.lacourt.org/criminalcasesummary/ui/ (last visited April 7, 2026).

Defendants removed the case to federal court on March 27, 2026.  (Dkt. 1.)  On April 6, 2026, the City of Los Angeles, Officer Walters, Officer Peiny, Officer Grayson, and Detective Stone[1] (collectively, "City Defendants") filed a motion to dismiss Plaintiff's complaint.  (Dkt. 8.)

## II.    LEGAL STANDARD

"Younger v. Harris, [457 U.S. 423 (1982)] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings…."  Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  Under Younger, abstention is required "when there is a parallel, pending state criminal proceeding," because a federal court's adjudication would effectively enjoin the state prosecution.  Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (citation modified).

## III.    ORDER

First, the Court ORDERS the May 4, 2026, hearing on City Defendants' motion to dismiss **off calendar**.  L.R. 7-15.  The Court declines to set a briefing schedule at this time.

Second, the Court ORDERS Plaintiff to show cause, in writing, **by May 7, 2026**, as to why (1) the federal claims in this case should not be dismissed under the Younger abstention doctrine due to the ongoing criminal case in the state court; and (2) the Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367, should the federal claims be dismissed.

                                                                Initials of Deputy Clerk jd

---

[1] Plaintiff substituted Detective Stone as one of the previously unidentified Doe defendants on February 4, 2026.  (Dkt. 1-37.)